IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**

    vs.                                   Criminal Action 2:17-cr-054(11)
                                                    JUDGE JAMES L. GRAHAM

**CHEVEZ M. STANLEY**


## REPORT AND RECOMMENDATION

Defendant Chevez M. Stanley previously pleaded not guilty to a *Superseding Indictment* charging him with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count 1); and two (2) counts of bank fraud in violation of 18 U.S.C. §§ 1344, 2 (Counts 16, 17). *Superseding Indictment*, ECF No. 38. The *Superseding Indictment* also contains a forfeiture provision. *Id.* On May 8, 2019, defendant, accompanied by his counsel, appeared for a change of plea proceeding during which defendant entered a guilty plea to all three counts in which he is charged.[1] Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness and was not under the influence of drugs or alcohol.

---

[1] The parties have not entered into a plea agreement. The parties agreed at the change of plea proceeding that defendant rejected the Government's plea offer. Defendant expressly stated that his decision to plead guilty without a plea agreement was his own, voluntary decision.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges against him in the *Superseding Indictment* and the consequences of his plea of guilty to those charges. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary.

Defendant also confirmed the accuracy of the statement of facts supporting the charge, which was presented at the change of plea hearing. He confirmed that he is pleading guilty to Counts 1, 16, and 17 of the *Superseding Indictment* because he is in fact guilty of those charges. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 1, 16, and 17 of the *Superseding Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 1, 16, and 17 of the *Superseding Indictment* be accepted.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part

thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| | |
|---|---|
| May 8, 2019<br>Date | s/ *Norah McCann King*<br>Norah M<sup>c</sup>Cann King<br>United States Magistrate Judge |